**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-79(1) |
| | § | C.A. No. C-05-127 |
| ALBERTO ALVARADO, | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

On March 9, 2005, the Clerk received from Movant Alberto Alvarado ("Alvarado") a motion

to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 55).[1]  On May 19, 2005, the government

filed its response. (D.E.60).   On June 2, 2005, the Clerk received Alvarado's "traverse."   As

discussed herein, Alvarado validly waived his right to file the claims in his § 2255 motion.  Because

the Court finds the waiver to be valid and enforceable, Alvarado's § 2255 motion is DISMISSED

WITH PREJUDICE.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II.  FACTS AND PROCEEDINGS**

On April 22, 2004, Alvarado was charged in a three-count superseding indictment with: (1)

one count of knowingly and intentionally conspiring to possess with intent to distribute approximately

two kilograms of cocaine, in violation of 21 U.S.C.. §§ 841(a)(1), 841(b)(1)(B) and 846 ("count 1s");

(2) knowingly and intentionally possessing with intent to distribute approximately two kilograms of

---

[1]      Docket entry references are to the criminal case, C-04-79.

cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) ("count 2s"); and (3) knowingly

possessing two firearms after having been previously convicted of a crime punishable by

imprisonment for a term exceeding one year ("count 3s").  (D.E. 15).

On May 20, 2004, Alvarado pleaded guilty to count 1s, pursuant to a written plea agreement.

(D.E. 27, 28).  In exchange for his guilty plea to count one and his waiver of appellate and § 2255

rights (discussed below), the government agreed to recommend that he receive a three-level reduction

for acceptance of responsibility, to recommend a sentence at the low end of the applicable guideline

range, and to move to dismiss the remaining counts at sentencing. (D.E. 28).

The plea agreement contained a voluntary waiver of Alvarado' right to appeal and to file a

§ 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the
> right to appeal the sentence imposed.  The defendant waives the right
> to appeal the sentence imposed or the manner in which it was
> determined.  The defendant may appeal only (a) the sentence imposed
> above the statutory maximum; or (b) an upward departure from the
> Sentencing Guidelines, which had not been requested by the United
> States.  Additionally, the defendant is aware that Title 28, U.S.C.
> § 2255, affords the right to contest or "collaterally attack" a conviction
> or sentence after the conviction or sentence has become final.  The
> defendant waives the right to contest his/her conviction or sentence by
> means of any post-conviction proceeding.

(D.E. 28 at ¶ 8)(emphasis in original).  The agreement is signed by Alvarado and he testified at his

rearraignment that he signed it after he read it completely, and after he had discussed it completely

with his attorney.  (D.E. 58, Rearraignment Transcript ("R. Tr.") at 17-18).

The Court questioned Alvarado under oath at the rearraignment to ensure that his plea was

voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal

rights and right to file a § 2255 motion.  (R. Tr. at 11-19).  In emphasizing the waiver of the right to

file a § 2255 motion, the Court instructed:

**THE COURT:** Before we go on with the plea, I want to make sure that you understand that you're giving up two very important rights that only belong to you, that do not belong to your attorney, and only you can give them up. That's your right to appeal, and another remedy to try to set aside your conviction or sentence is called a post-conviction remedy or a statutory 2255 or a writ of habeas corpus. You're giving up both these rights if you go forward today. ... And a 2255 or a writ of habeas corpus is a way, whether or not your appeal, to try to set aside your judgment of conviction or your sentence by complaining of such matters as jurisdiction or constitutional problems, or ineffective – such as ineffective assistance of counsel. If you go forward today, you give up these two rights forever. Do you understand that, Mr. Alvarado?

**DEFENDANT:** Yes, Your Honor.

(R. Tr. at 14-15). It is clear from the foregoing that Alvarado's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On August 27, 2004, the Court sentenced Alvarado to 70 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $200 fine and a $100 special assessment. (D.E. 47, 48). Judgment of conviction and sentence was entered September 1, 2004. (D.E. 48). Consistent with his waiver of appellate rights, Alvarado did not appeal. Alvarado's § 2255 motion was received by the Clerk on March 9, 2005. (D.E. 55). It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Alvarado asserts two grounds for relief. First, he argues that his counsel was ineffective for failing to raise an objection based on United States v. Booker, 125 S. Ct. 738 (2005). Second, he argues that his rights pursuant to Booker were violated when the Court allegedly found facts that were neither admitted by him nor proved to and found by a jury beyond a reasonable doubt.

## IV.  DISCUSSION

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.      Waiver of § 2255 Rights**

The Court need not address whether Alvarado has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims.  Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, __ F.3d __, 2005 WL 887153 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his original motion does Alvarado challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed

assistance directly affected the validity of that waiver or the plea itself").[2]  Thus, his claims are all subject to the waiver.

In his response to the government's motion to dismiss, however, Alvarado challenges – weakly and for the first time – that his plea was voluntary and knowing.   He admits that he was aware of the length of time he might possibly receive, but contends that he was not aware that the drug amount he'd be sentenced for would be "more than two kilograms of cocaine."  (D.E. 62 at 2-3).

This argument, as with the whole factual premise of his motion, i.e., that he was sentenced based on more than he pleaded guilty to, is flatly contradicted by the record.  The count he pleaded guilty to was for conspiracy to possess two kilograms of cocaine.  (R. Tr. at 10, 11, 24-25).  He was sentenced based on two kilograms of cocaine (*not* more than two kilograms), resulting in a base offense level of 28, and there were no increases to his offense level.  (PSR at ¶¶ 13-20).  Thus, his attempt to invalidate his plea based on the fact that he did not know he'd be sentenced for more than two kilograms fails on the plain record.

Moreover, the record is plain that his waiver was knowing and voluntary.   It is clear from the rearraignment transcript that Alvarado understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).

In sum, the Court concludes that Alvarado's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court.  See generally Wilkes.

---

[2]  Alvarado's only claim of ineffective assistance relates to his counsel's conduct at sentencing.

C.      **Waiver of Booker Claim**

Liberally construing Alvarado's traverse, the Court could interpret it as raising the argument

that Booker and Blakely redefine "statutory maximum" and thus change the meaning of the waiver

provisions in the plea agreement or render it invalid.  For the reasons set forth herein, the Court

concludes that Alvarado's Booker claim does not fall outside the scope of his waiver.

1.      **Booker Background**

To explain the Court's conclusions regarding the viability of Alvarado's Booker claim, some

background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531

(2004), is warranted.  In Blakely, the Supreme Court held that the trial court's sentencing of the state

defendant violated his Sixth Amendment right to a jury trial.  Specifically, the court held that Apprendi

v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found

by him using a preponderance of the evidence standard, in order to impose more than the maximum

sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by

the defendant.  Blakely, 124 S. Ct. at 2537-38.  Blakely involved a defendant sentenced in a

Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied

in federal criminal cases.  Booker consists of two majority decisions.  In the first majority opinion,

the Court held that Blakely applied to the federal guidelines.  As with the sentencing scheme at issue

in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth

Amendment rights, because the guidelines can require judges to find facts and sentence defendants to

more severe sentences than could be imposed based solely on facts found by the jury or admitted in

the plea colloquy.  Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding.  The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole.  Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory."  Id. at 757.  The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress.  Id.

**2.       Alvarado's Booker Claim Does Not Survive the Waiver**

As previously noted, a waiver of the right to appeal is enforceable so long as it is knowing and voluntary.  White, 307 F.3d at 343-44; Wilkes, 20 F.3d at 653.  Any argument that Alvarado's waiver was not knowing because he did not know he might in the future have a meritorious argument is unavailing. Cf. United States v. Nguyen, 235 F.3d 1179, 1184 (9th Cir. 2000)(rejecting argument that wavier was not knowing and voluntary because defendant did not realize how strong his potential appellate claims were at the time he entered into the plea agreement); United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error."). See also United States v. Hahn, 359 F.3d 1315, 1326-28 (10th Cir. 2004)(collecting authority and concluding that a waiver can be knowing and voluntary even when the defendant "does not know with specificity what claims of error, if any, he is foregoing").        Moreover, several post-Booker cases have upheld pre-Blakely waivers, including a recent Fifth Circuit decision, which squarely held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, __ F.3d __, 2005 WL 887153, *2-*3 and n.4 (5th Cir. 2005); see also, e.g.,

United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005)(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005)(upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, __F.3d ___, 2005 WL 549176, *6 (6th Cir. Mar. 10, 2005)(enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

Consistent with the foregoing authority, Alvarado's waiver is valid and enforceable despite the fact that Blakely and Booker were decided after he signed it, and despite his failure to anticipate those rulings.  Because his waiver bars all of the claims in his motion, his § 2255 motion is DISMISSED WITH PREJUDICE.

**D.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253 (c)(1)(A).  A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).  Although Alvarado has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel,

529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th

Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Alvarado's motion states a valid claim of

the denial of a constitutional right, because he cannot establish the second Slack criteria.  That is, the

Court concludes that reasonable jurists could not debate the denial of Alvarado's § 2255 motion on

procedural grounds.  Under the plain record of this case, this Court is barred from considering his

motion due to his valid and enforceable waiver of his § 2255 rights.  Accordingly, Alvarado is not

entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Alvarado's motion to vacate, correct, or set aside his sentence

pursuant to 28 U.S.C. § 2255 (D.E. 70) is DISMISSED WITH PREJUDICE.  Additionally,

Alvarado is DENIED a Certificate of Appealability.

ORDERED this 10th day of June, 2005.

_____
Janis Graham Jack
United States District Judge